IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MADELYN K.,[1]                                              Case No. 3:22-cv-00342-SB

               Plaintiff,                          **OPINION AND ORDER**

       v.

KILOLO KIJAKAZI, Acting Commissioner of
Social Security,

               Defendant.

---

**BECKERMAN, U.S. Magistrate Judge.**

      Madelyn K. ("Plaintiff") brings this appeal challenging the Commissioner of Social

Security's ("Commissioner") denial of her application for Disability Insurance Benefits ("DIB")

under Title II of the Social Security Act. The Court has jurisdiction to hear this appeal pursuant

to 42 U.S.C. § 405(g), and the parties have consented to the jurisdiction of a magistrate judge

pursuant to 28 U.S.C. § 636(c). For the reasons explained below, the Court affirms the

---

[1] In the interest of privacy, this opinion uses only the first name and the initial of the last
name of the non-governmental party and the non-governmental party's family members in this
case.

Commissioner's decision because it is free of harmful legal error and supported by substantial evidence.

## STANDARD OF REVIEW

The district court may set aside a denial of benefits only if the Commissioner's findings are "not supported by substantial evidence or based on legal error." *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1222 (9th Cir. 2009) (quoting *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006)). Substantial evidence is defined as "more than a mere scintilla [of evidence] but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (quoting *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995)).

The district court "cannot affirm the Commissioner's decision 'simply by isolating a specific quantum of supporting evidence.'" *Holohan v. Massanari*, 246 F.3d 1195, 1201 (9th Cir. 2001) (quoting *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999)). Instead, the district court must consider the entire record, weighing the evidence that both supports and detracts from the Commissioner's conclusions. *Id.* Where the record as a whole can support either the grant or denial of Social Security benefits, the district court "may not substitute [its] judgment for the [Commissioner's]." *Bray*, 554 F.3d at 1222 (quoting *Massachi v. Astrue*, 486 F.3d 1149, 1152 (9th Cir. 2007)).

## BACKGROUND

### I.    PLAINTIFF'S APPLICATION

Plaintiff was born in August 1963, making her fifty-five years old on August 30, 2018, her amended alleged disability onset date.[2] (Tr. 49, 51, 59, 70-71, 87, 98, 287.) Plaintiff has

---

[2] To be eligible for DIB, "a worker must have earned a sufficient number of [quarters of coverage] within a rolling forty-quarter period." *Herbert v. Astrue*, No. 1:07-cv-01016, 2008 WL

master's degrees in education and organizational development, "completed all [the] coursework" but "never finished" her Ph.D., and past work experience as a substance abuse counselor. (*Id.* at 59, 71-72, 214.) In her application, Plaintiff alleges disability due to "[m]ental [h]ealth [i]ssues." (*Id.* at 88, 98.)

The Commissioner denied Plaintiff's application initially and upon reconsideration, and on October 10, 2019, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). (*Id.* at 49.) On October 14, 2020, Plaintiff and a vocational expert ("VE") appeared and testified at an administrative hearing held before an ALJ. (*Id.* at 68-85.) On January 7, 2021, the ALJ issued a written decision denying Plaintiff's application. (*Id.* at 49-61.) On January 14, 2022, the Appeals Council denied Plaintiff's request for review, making the ALJ's written decision the final decision of the Commissioner. (*Id.* at 1-7.) Plaintiff now seeks judicial review of that decision.

## II.    THE SEQUENTIAL PROCESS

A claimant is considered disabled if he or she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than [twelve] months[.]" 42 U.S.C. § 423(d)(1)(A). "Social Security Regulations set out a five-step sequential

---

4490024, at *4 n.3 (E.D. Cal. Sept. 30, 2008). Workers accumulate quarters of coverage based on their earnings. *Id.* Typically, "the claimant must have a minimum of twenty quarters of coverage [during the rolling forty-quarter period to maintain insured status]. . . . The termination of a claimant's insured status is frequently referred to as the 'date last insured' or 'DLI.'" *Id.* (citations omitted). Thus, Plaintiff's date last insured ("DLI") of June 30, 2022 (Tr. 49) reflects the date on which her insured status terminated based on the previous accumulation of quarters of coverage. If Plaintiff established that she was disabled on or before June 30, 2022, she is entitled to DIB. *See Truelsen v. Comm'r Soc. Sec.*, No. 2:15-cv-02386, 2016 WL 4494471, at *1 n.4 (E.D. Cal. Aug. 26, 2016) ("To be entitled to DIB, plaintiff must establish that he was disabled . . . on or before his date last insured." (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999))).

process for determining whether an applicant is disabled within the meaning of the Social

Security Act." *Keyser v. Comm'r Soc. Sec. Admin.*, 648 F.3d 721, 724 (9th Cir. 2011). Those five

steps are: (1) whether the claimant is engaged in substantial gainful activity; (2) whether the

claimant has a severe impairment; (3) whether the impairment meets or equals a listed

impairment; (4) whether the claimant can return to any past relevant work; and (5) whether the

claimant can perform other work that exists in significant numbers in the national economy. *Id.*

at 724-25.

The claimant bears the burden of proof for the first four steps. *See Bustamante v.*

*Massanari*, 262 F.3d 949, 953-54 (9th Cir. 2001). If the claimant fails to meet the burden at any

of those steps, the claimant is not disabled. *See id.* at 954. The Commissioner bears the burden of

proof at step five, where the Commissioner must show the claimant can perform other work that

exists in significant numbers in the national economy, "taking into consideration the claimant's

residual functional capacity, age, education, and work experience." *Tackett*, 180 F.3d at 1100. If

the Commissioner fails to meet this burden, the claimant is disabled. *See Bustamante*, 262 F.3d

at 954.

## III.    THE ALJ'S DECISION

The ALJ applied the five-step sequential evaluation process to determine if Plaintiff is

disabled. (Tr. 49-61.) At step one, the ALJ found that Plaintiff had not engaged in substantial

gainful activity since August 30, 2018, her amended alleged disability onset date. (*Id.* at 49, 51,

59, 287.) At step two, the ALJ determined that Plaintiff suffers from the following severe,

medically determinable impairments: posttraumatic stress disorder ("PTSD"), bipolar disorder,

and major depressive disorder. (*Id.* at 51.) At step three, the ALJ concluded that Plaintiff did not

have an impairment that meets or medically equals a listed impairment. (*Id.* at 52.) The ALJ then

found that Plaintiff had the residual functional capacity ("RFC") to perform "a full range of work

at all exertional levels," subject to these limitations: (1) Plaintiff needs to be limited to "short, simple instructions," and (2) Plaintiff needs to be limited to "no public contact and no teamwork with coworkers." (*Id.* at 54.) At step four, the ALJ concluded that Plaintiff was unable to perform her past relevant work as a substance abuse counselor. (*Id.* at 59.) At step five, the ALJ determined that Plaintiff was not disabled because a significant number of jobs existed in the national economy that she could perform, including work as a hand packager, store laborer, and cleaner. (*Id.* at 60.)

## DISCUSSION

Plaintiff argues that the dispositive question before the Court is whether a February 25, 2021 magnetic resonance imaging ("MRI") of her back "relates" to her ability to function on or before January 7, 2021, the day the ALJ issued her decision. (*See* Pl.'s Reply at 3-4, ECF No. 30, describing the "dispositive" question and issue). Plaintiff argues that the Appeals Council erred by "ignor[ing]" and "reject[ing]" this new MRI evidence because it did not relate to the period on or before the date of the ALJ's decision. (*See id.* at 2; Pl.'s Opening Br. at 2, 10, ECF No. 26) (bold omitted).

Relatedly, Plaintiff argues that the ALJ failed to assess the "consistency" of Plaintiff's back-related hearing testimony with the February "2021 MRI" or provide a clear and convincing reason for rejecting such testimony, and failed to address or provide a legally sufficient reason for rejecting a May 18, 2021 letter from her treating physician, Heather Motonaga, M.D. ("Dr. Motonaga"). (*See* Pl.'s Reply at 2-6; Pl.'s Opening Br. at 2, 7-15.)

As explained below, the Court concludes that the Commissioner's decision is free of harmful legal error and supported by substantial evidence, and thus affirms the Commissioner's decision.

///

PAGE 5 – OPINION AND ORDER

## I.    APPLICABLE LAW

The Ninth Circuit has held that courts "do not have jurisdiction to review a decision of the Appeals Council denying a request for review of an ALJ's decision, because the Appeals Council decision is a non-final agency action." *Brewes v. Comm'r Soc. Sec. Admin.*, 682 F.3d 1157, 1161 (9th Cir. 2012) (citing *Taylor v. Comm'r Soc. Sec. Admin.*, 659 F.3d 1228, 1231 (9th Cir. 2011)). The Ninth Circuit, however, has held that when a claimant submits new evidence to "the Appeals Council, which considers that [new] evidence in denying review of the ALJ's decision, the new evidence is part of the administrative record, which the district court must consider in determining whether the Commissioner's decision is supported by substantial evidence." *Id.* at 1159-60; *see also Wischmann v. Kijakazi*, 68 F.4th 498, 504-06 (9th Cir. 2023) ("The Appeals Council [considered and] made the [new evidence] part of the record. But the Appeals Council denied [the claimant's] request for review of the ALJ's disability determination stating that '[it] found no reason under [its] rules to review the [ALJ's] decision.' . . . Because the Appeals Council accepted [the] new evidence, it became 'part of the administrative record, which the district court [and Ninth Circuit] must consider.'" (quoting *Brewes*, 682 F.3d at 1163)).

The Ninth Circuit has also held that "[w]here the Appeals Council was required to consider additional evidence, but failed to do so, remand to the ALJ is appropriate so that the ALJ can reconsider its decision in light of the additional evidence." *Taylor*, 659 F.3d at 1233 (citation omitted). The Appeals Council must "consider new and material evidence if it relates to the period on or before the date of the decision and if there is a reasonable probability [it] would change the outcome of the decision." *Parton v. Saul*, 845 F. App'x 592, 593 (9th Cir. 2021) (citations omitted).

///

In *Allen v. Kijakazi*, No. 22-35056, 2023 WL 2728857, at *1 (9th Cir. Mar. 31, 2023), for example, the Ninth Circuit held that the claimant was not entitled to a remand based on new medical evidence. *Id.* The Ninth Circuit explained that the new "medical evidence . . . [did] not affect the ALJ's disability determination," because (1) "[t]he ALJ made the determination through April 20, 2020, but the new treatment records were dated between May 22 and August 27, 2020, and did not indicate that they related back to the disability period," and (2) the claimant did "not argue that the evidence was retroactive; he argue[d] only that evidence showed that 'as time went on,' the record tended to support [his physician's] opinion." *Id.* In support of its decision, the Ninth Circuit noted that the Appeals Council was only required to consider new and material evidence that "relates to the period on or before the ALJ's decision" and that new evidence is material "if it 'bears directly and substantially on the matter in dispute, and if there is a reasonable possibility that the new evidence would have changed the outcome of the determination.'" *Id.* (quoting *Brewes*, 682 F.3d at 1162 and *Bruton v. Massanari*, 268 F.3d 824, 827 (9th Cir. 2001)).

Similarly, in *Petersen v. Berryhill*, 737 F. App'x 329, 331 (9th Cir. 2018), the claimant argued that the new medical evidence she submitted to "the Appeals Council show[ed] that the ALJ's decision [was] not supported by substantial evidence." *Id.* Rejecting that argument, the Ninth Circuit explained that the evidence did "not affect the ALJ's disability determination and [did] not warrant remand because [it] post-date[d] the period under review, [was] not retroactive to that period, and therefore would not reasonably affect the ALJ's decision." *Id.* at 332. As in *Allen*, the Ninth Circuit observed that the Appeals Council was only required to consider new and material evidence that "relates to the period on or before the ALJ's decision" and that new evidence is material "if it 'bears directly and substantially on the matter in dispute, and if there is

a reasonable possibility that the new evidence would have changed the outcome of the determination.'" *Id.* (simplified) (quoting *Brewes*, 682 F.3d at 1162 and *Bruton*, 268 F.3d at 827)); *see also Schalk v. Berryhill*, 734 F. App'x 477, 477-78 (9th Cir. 2018) ("The new evidence that [the claimant] submitted to the Appeals Council did not become part of the administrative record when the Appeals Council returned the evidence without considering it. . . . Because the evidence did not relate to the period on or before the ALJ's decision, the Appeals Council was not required to consider it."); *Warzecha v. Berryhill*, 692 F App'x 859, 860 (9th Cir. 2017) (same).

## II.    ANALYSIS

Before turning to the parties' arguments, the Court briefly summarizes the Appeals Council's review.

### A.    The Appeals Council's Review

On March 4, 2021, Plaintiff requested that the Appeals Council review the ALJ's decision. (Tr. 172-74.) During the months that followed, Plaintiff received several extensions of time to submit additional evidence (records from a "spine specialist" and records and a "possible written statement" following Plaintiff's upcoming May 18, 2021 visit with Dr. Motonaga), all of which, according to Plaintiff, would "provide important context that [would] aid the Appeals Council in examining the ALJ's decision." (*Id.* at 8, 14-17, 20-21.) In granting Plaintiff's requests for extensions of time to submit new evidence, the Appeals Council explained that Plaintiff "may send [the Appeals Council] a statement about the facts and the law in [Plaintiff's] case or additional evidence," the Appeals Council "consider[s] additional evidence that [claimants] show is new, material, and relates to the period on or before the date of the hearing decision," and Plaintiff "must also show," among other things, that "there is a reasonable

probability that the additional evidence would change the outcome of the decision." (*Id.* at 8, 14-17.)

On January 14, 2022, the Appeals Council denied Plaintiff's request for review of the ALJ's decision. (*Id.* at 1-7.) The Appeals Council explained that it "considered and exhibited" Plaintiff's "reasons that [she] disagree[d] with the decision," and "found that the reasons [did] not provide a basis for changing the [ALJ's] decision." (*Id.* at 1.) The Appeals Council also explained that although Plaintiff submitted new back-related medical evidence (i.e., video and office visit records from Dr. Motonaga dated February 2 and February 16, 2021, respectively, the February 25, 2021 MRI of Plaintiff's back, a physical therapist's initial telecare evaluation dated April 1, 2021, and Dr. Motonaga's May 18, 2021 letter), the ALJ "decided [Plaintiff's] case through January 7, 2021," Plaintiff's new evidence did "not relate to the period at issue," and therefore the new evidence did "not affect the decision about whether [Plaintiff was] disabled beginning on or before January 7, 2021." (*Id.* at 2, 22-45.) The Appeals Council further explained that if Plaintiff wanted the Appeals Council to "consider whether [she was] disabled after January 7, 2021, [she] need[ed] to apply again" and the Appeals Council could "use March 4, 2021, the date of [Plaintiff's] request for review . . . , as the date of [her] new [DIB] claim." (*Id.* at 2.)

The new evidence that Plaintiff submitted to the Appeals Council is part of the administrative record that the Commissioner filed with the Court. (*See id.* at 22-45.) The Court Transcript Index refers to the new evidence as "Medical Evidence of Record." (Ct. Tr. Index at 1.)

### B.    The Parties' Arguments

Plaintiff argues that the dispositive issue on appeal is whether her February 25, 2021 MRI "relates" to her functioning on or before January 7, 2021, the date of the ALJ's decision. (*See*

Pl.'s Reply at 4-5, describing this "dispositive issue"; *see also* Tr. 60-61, 287, reflecting that the ALJ considered whether Plaintiff was disabled "from August 30, 2018, [her amended alleged disability onset date,] through the date of [the ALJ's] decision," January 7, 2021). The Court disagrees.

Plaintiff relies primarily on the Ninth Circuit's decision in *Edgecomb v. Berryhill*, 741 F. App'x 390, 393 (9th Cir. 2018). (*See* Pl.'s Reply at 3-4; Pl.'s Opening Br. at 10-11.) As explained below, the Court finds that *Edgecomb* is distinguishable and does not support Plaintiff's characterization of the dispositive issue before the Court.

In *Edgecomb*, the Ninth Circuit held that the Appeals Council "improperly rejected new evidence, a letter written by [the claimant's physician]." 741 F. App'x at 393. The Ninth Circuit explained that "the Appeals Council stated that the letter '[was about a later time,' but did not explain its conclusion beyond noting that the letter was dated February 2, 2015, and that the relevant period ended September 20, 2013." *Id.* As such, the Ninth Circuit stated that it needed to "conduct [its] own review of the letter to determine if it relates to the relevant time period." *Id.* (citing *Taylor*, 659 F.3d at 1232). After observing that the physician's letter was clearly retrospective, discussed medical history going back to 2006, and included a medical opinion regarding the claimant's ability to resume gainful employment, the Ninth Circuit held that the Appeals Council should have considered the physician's opinion because it was new and material, and the Appeals Council was mistaken in its belief that it did not relate to the period at issue:

> [The physician's] letter is dated February 2, 2015, but it discusses [the claimant's] medical history going back to 2006, and the [physician] opines that 'these injuries and medical issues have resulted in severe impairment in his social and occupational function.' [The physician] states further that [the claimant] 'has been on opioid therapy for chronic pain for over a decade and in my medical opinion is likely to require ongoing treatment and to be unable to resume gainful

employment.' Both of these statements, as well as the medical history in the letter, encompass the period before September 2013.

Here, as in *Taylor*, the [physician's] opinion should have been considered. Under the regulations in force at the time of the Appeals Council's decision, 'if new and material evidence is submitted, the Appeals Council shall consider the additional evidence only where it relates to the period on or before the date of the [ALJ] hearing decision.' . . . The evidence submitted was new and material, but the Appeals Council failed to consider it on the mistaken belief that it did not relate to the period before the date of the ALJ's decision. 'Where the Appeals Council was required to consider additional evidence, but failed to do so, remand to the ALJ is appropriate so that the ALJ can reconsider its decision in light of the additional evidence.'

*Id.* (brackets omitted) (quoting 20 C.F.R. § 404.970(b) (2015) and *Taylor*, 659 F.3d at 1233); *see also Taylor*, 659 F.3d at 1231-33 (holding that the Appeals Council, which denied review on the ground that the claimant's new, post-ALJ decision evidence was not time-relevant, and as a result, did not affect the decision on whether the claimant was disabled or provide a basis for changing the ALJ's decision, "should have" but "fail[ed] to consider" a new opinion (citing 20 C.F.R. § 404.970(b)).

As an initial matter, the Court notes that consistent with the authorities cited herein, *Edgecomb* demonstrates that a claimant must show that the new evidence not only relates to the period on or before the date of the ALJ's decision, but also that it is "material." As described above, "new evidence is [only] material . . . 'if it bears directly and substantially on the matter in dispute, and if there is a reasonable possibility that the new evidence would have changed the outcome of the determination.'" *Allen*, 2023 WL 2728857, at *1 (quoting *Bruton*, 268 F.3d at 827).

The relevance of new and "material" evidence is reflected in the post-*Edgecomb* and pre-filing date (*see* Tr. 49, noting that Plaintiff protectively filed her application in November 2018) amendments to 20 C.F.R. § 404.970. *See, e.g.*, *Yates v. Comm'r of Soc. Sec.*, 706 F. App'x 588, 594 n.3 (11th Cir. 2017) (noting that "20 C.F.R. § 404.970(b) (2016)" was "recently amended,

effective January 17, 2017, to state that the Appeals Council will review a case if it 'receives additional evidence that is new, material, and relates to the period on or before the date of the [ALJ's] hearing decision, and there is a reasonable probability that the additional evidence would change the outcome of the decision'" (quoting 20 C.F.R. § 404.970(a)(5) (2017))). With respect to the relation between her February 2021 MRI results and pre-ALJ decision functioning, however, Plaintiff cites the pre-January 17, 2017 version of 20 C.F.R. § 404.970*(b)* (Pl.'s Reply at 3-4) (emphasis added), which was not in force at the time of the Appeals Council's decision. Plaintiff also fails specifically to address whether her new evidence is "material."

Even if the Appeals Council was incorrect in stating that Plaintiff's new evidence did not relate to period at issue (i.e., August 30, 2018 to January 7, 2021) and, relatedly, did "not affect the decision about whether [Plaintiff was] disabled beginning on or before January 7, 2021" (*see* Tr. 2, 60-61, 287), the dispositive issue is not simply whether the new evidence relates to the period at issue. Rather, the authorities above instruct that the dispositive issue is whether there is a reasonable probability that Plaintiff's new evidence would change the outcome of the ALJ's decision.

In *Ritchie v. Kijakazi*, No. 22-55395, 2023 WL 234782, at *2 (9th Cir. Jan. 18, 2023), the Ninth Circuit affirmed the district court's decision and made the same observation about new evidence:

> [The claimant] argues that the case must be remanded for consideration of two letters from one of [the claimant's] doctors from the summer of 2019 that were presented to the Appeals Council but were not presented to the ALJ. The Appeals Council declined to consider the letters because it concluded that they '[did] not relate to the period at issue.' *That is incorrect*; one of the letters speaks to the intensity of [the claimant's] symptoms prior to October 2018. *Still, the Appeals Council was not required to consider the new evidence, because there is not a 'reasonable probability that the additional evidence would change the outcome of the decision.'*

*Id.* (footnote omitted and emphasis added) (quoting 20 C.F.R. § 404.970(a)(5)).

The district court's decision in *Ritchie* demonstrates that like this case (*see* Tr. 5-6,

making only a three-page March 4, 2021 request for review an official exhibit, i.e., Ex. 14B; Ct.

Tr. Index at 1, ECF No. 11-1 at 2, labelling new evidence as "Medical Evidence of Record"), the

Appeals Council there did not "exhibit" the new evidence, but it was part of the record before the

court and labeled in the Court Transcript Index as "medical evidence of record," and as a

consequence, the court could consider it in reviewing the appeal of the Commissioner's final

decision:

> The Appeals Council will review 'additional evidence' it receives if the evidence is 'new, material, *and* relates to the period on or before the date of the hearing decision, and there is a reasonable probability that the additional evidence would change the outcome of the decision.' . . . When additional evidence does not meet all the criteria of [20 C.F.R.] § 404.970(a)(5)-(b)—i.e., good cause for late submission; new, material, and temporally relevant; *and* reasonable probability that it would change ALJ's decision—the Appeals Council will *not* 'exhibit' the evidence. . . . Nevertheless, while the additional evidence is not 'exhibited,' it has long been the Agency's standard practice that the additional evidence is *included* in the official transcript of the administrative record prepared for federal court review. . . . This requirement is now memorialized in the regulations. . . .

> Here, while the additional evidence was not 'exhibited,' it was included in the certified administrative record . . . and was described by the Agency in its Court Transcript Index as 'medical evidence of record.' . . . If additional evidence is included in the administrative record, a federal court will consider the additional evidence when reviewing whether the ALJ's decision was supported by substantial evidence. . . .

> Plaintiff argues that the Appeals Council's failure 'to give [the physician's 2019] opinion any weight or true consideration' 'warrants remand because it is relevant to the period at issue, and as a treating source, it shows a reasonable possibility of a change in outcome.' . . . However, the Appeals Council's finding that the additional evidence was not temporally relevant was a discretionary decision that this Court has no jurisdiction to review. . . . Instead, when the Appeals Council denies review, 'the ALJ's decision becomes the final decision of the Commissioner,' subject to substantial evidence review based on the whole record. . . .

> While this Court has no jurisdiction to review the Appeals Council's decision, the Court will treat the additional evidence as part of the administrative record, all of which must be considered when reviewing the Commissioner's final

decision for substantial evidence. . . . Thus, the Court will determine whether the
ALJ's decision remains legally valid, even when considering the additional
[2019] evidence from [the claimant's physician]. . . .

*Robert R. v. Kijakazi*, No. 20-cv-00984, 2022 WL 1171067, at *2-3 (C.D. Cal. Feb. 18, 2022)

(quoting 20 C.F.R. § 404.970(a)(5) and citing, *inter alia*, *Brewes*, 682 F.3d at 1163 and *Taylor*,

659 F.3d at 1231)).[3]

The foregoing authorities demonstrate that the dispositive issue on appeal is not simply

whether Plaintiff's February 2021 MRI relates to her pre-January 7, 2021 ability to function.

Rather, regardless of whether the Appeals Council incorrectly stated that Plaintiff's new

evidence did not relate to the relevant period, the Appeals Council was not required to consider

---

[3] This Court and others have made similar observations about new evidence that the
Appeals Council did not exhibit but labeled as "medical evidence of record. *See Kelsey S. v.
Saul*, No. 6:20-cv-00803-SB, 2021 WL 2383223, at *3 (D. Or. June 10, 2021) ("The Appeals
Council 'did not exhibit this evidence' because they found that it did 'not show a reasonable
probability that it would change the outcome of the decision.' . . . However, the Court Transcript
Index describes this new evidence as part of the 'Medical Evidence of Record' . . . , and the
parties agree that the Court may consider this new evidence to assess whether substantial
evidence supports the ALJ's decision. . . . Accordingly, the Court will consider Plaintiff's new
treatment records herein."); *Shelley V. v. Saul*, No. 6:18-cv-01760-SB, 2020 WL 1131489, at *11
n.4 (D. Or. Mar. 9, 2020) ("The Appeals Council found that the letter did 'not show a reasonable
probability that it would change the outcome of the decision,' and therefore 'did not consider and
exhibit this evidence.' Nevertheless, the Court may consider the letter, on which Plaintiff
relies . . . , in this appeal." (citing *Williams v. Berryhill*, No. 17-cv-05885, 2018 WL 6737511, at
*3 (W.D. Wash. Apr. 19, 2018))); *see also Williams*, 2018 WL 6737511, at *3 ("[A]lthough the
Appeals Council stated '[w]e did not consider and exhibit this evidence,' this statement is
contradicted by the Appeals Councils claim '[w]e find this evidence does not show a reasonable
probability that it would change the outcome of the decision.' . . . The new evidence presented to
the Appeals Council is thus reviewable by the Court in determining whether the ALJ's decision
remains supported by substantial evidence.") (citation omitted); *Adam F. v. Comm'r of Soc. Sec.*,
No. 1:18-cv-3078, 2019 WL 13201890, at *3 (E.D. Wash. Jan. 10, 2019) ("The new evidence
presented by Plaintiff's counsel was examined by the Appeals Council and made part of the
administrative record, although it . . . labeled [some evidence] 'Medical Evidence of Record
(MER)' . . . [and some] 'Attorney/Representative-Supplied Evidence' (REPEVID)' . . . . The
significance of this distinction is not readily apparent as all of this evidence is part of the
administrative record. This court would be entitled to review the additional evidence to
determine whether, in light of the record as a whole, the ALJ's decision is supported by
substantial evidence and free of legal error. . . . The court's review would be of the ALJ's final
decision, not the Appeals Council's decision to deny review.") (footnote and citations omitted).

the February 2021 MRI, or Plaintiff's other new, related evidence, unless there was a reasonable probability that the evidence would change the outcome of the ALJ's decision. *See Ritchie*, 2023 WL 234782, at *2 ("The Appeals Council declined to consider the letters because it concluded that they '[did] not relate to the period at issue.' . . . That is incorrect[.] . . . Still, the Appeals Council was not required to consider the new evidence, because there [was] not a 'reasonable probability that the additional evidence would change the outcome of the decision.'" (quoting 20 C.F.R. § 404.970(a)(5))); *see also Parton*, 845 F. App'x at 593 (rejecting the claimant's argument that "the Appeals Council erred by failing to consider new evidence that would have, with reasonable probability, changed the outcome of the decision," and explaining why the new evidence showed that the "Appeals Council reasonably determined that [it] would not change the outcome of the decision").[4]

_____

[4] In *Bales v. Berryhill*, 688 F. App'x 495, 497 (9th Cir. 2017), the Ninth Circuit addressed a comparable situation and found that the new evidence was not part of the record on appeal: "[The claimant] contends that two medical reports she submitted to the Appeals Council are part of the administrative record before this court. We disagree. Because the Appeals Council did not consider [this] new medical records, this evidence did not become part of the administrative record. . . . [T]he Appeals Council decision: (a) communicates the Appeals Council's determination that [the] new medical records did not 'relate to the period on or before the date of the [ALJ] hearing decision' and (b) advises [the claimant] of her right to file a new application." *Id.* (citing *Brewes*, 682 F.3d at 1161-63 and 20 C.F.R. 404.970(c)). *Bales*, however, is distinguishable because, as discussed below, some of Plaintiff's new evidence relates back to the relevant period. *Cf. id.* (stating that the claimant had "not met her burden of demonstrating materiality and good cause for remand," and the evidence did "not indicate that [it] relate[d] back to the relevant period").

In *Wischmann*, a published decision, the Ninth Circuit addressed a similar (but distinguishable) situation where a claimant submitted new evidence (post-hearing job-number estimates) to "the Appeals Council after the ALJ's determination" and the evidence was "made part of the administrative record." 68 F.4th at 501. After noting that the Appeals Council's "accept[ance]" of the "new evidence" made it "part of the administrative record, which the district court [and Ninth Circuit] must consider[,]" *id.* (quoting *Brewes*, 682 F.3d at 1163), the Ninth Circuit explained that in determining whether an ALJ has "a duty to address a conflict in job-number evidence (and failed to discharge that duty), [courts] consider on a case-by-case basis whether new evidence submitted by a claimant is 'meritless or immaterial' or has 'significant probative' value." *Id.* at 506 (quoting *Kilpatrick v. Kijakazi*, 35 F.4th 1187, 1193 (9th

Recent Ninth Circuit opinions confirm that this appeal turns on whether substantial evidence supports the ALJ's decision, not simply whether Plaintiff's February 2021 MRI relates to her pre-January 7, 2021 ability to function. *See, e.g.*, *Vazquez v. Kijakazi*, No. 22-35642, 2023 WL 5453198, at *1 (9th Cir. Aug. 24, 2023) (noting that the "Appeals Council found that the [the physician's new] opinion '[did] not relate to the period at issue' and '[did] not affect the decision about whether [the claimant was] disabled beginning on or before [the day the ALJ issued the decision],'" and explaining that "[e]ven considering [the physician's] April 2021 evaluation, provided to the Appeals Council after the ALJ issued the decision, substantial evidence supports the ALJ's analysis"); *Hensley v. Kijakazi*, No. 22-15796, 2023 WL 4700635, at *1 (9th Cir. July 24, 2023) ("[E]ven if the district court erred in declining to consider [the physician's] opinion, submitted for the first time to the Appeals Council, substantial evidence supports the ALJ's non-disability finding even when the opinion is considered."); *Sportsman v. Colvin*, 637 F. App'x 992, 996 (9th Cir. 2016) ("[The claimant] contends that the Commissioner erred in failing to remand the case to the ALJ after he submitted to the Appeals Council a letter from his wife describing in greater detail his physical and mental limitations. Despite the letter submitted to the Appeals Council, the ALJ's decision was supported by substantial evidence. As discussed *supra*, the ALJ cited evidence throughout the record that suggested [the claimant] was less limited than his wife claimed in her letter.").

---

Cir. 2022)). The Ninth Circuit further explained that although a court must remand if the "new evidence is significant and probative," a court "must uphold the ALJ's determination" if the "new evidence is either not probative or not significant." *Id.* (citing *Kilpatrick*, 35 F.4th at 1195 and *Buck v. Berryhill*, 869 F.3d 1040, 1052 (9th Cir. 2017)); *see also White v. Kijakazi*, 44 F.4th 828, 836-37 (9th Cir. 2022) (observing that the claimant "submitted his estimated job numbers [evidence] to the Appeals Council," not the ALJ, and explaining that "[t]his distinction [was] not fatal" given a claimant's right to submit additional evidence to the Appeals Council under § 404.970(b)). Unlike *Wischmann* and cases cited therein, this case does not involve job-number estimates.

The Court concludes that Plaintiff has failed to demonstrate that substantial evidence does not support the ALJ's decision, or that there is a reasonable probability that her new evidence would change the outcome of the ALJ's decision. Several reasons support the Court's conclusion.

First, with respect to the substantial evidence standard, the Court emphasizes that "the threshold for such evidentiary sufficiency is not high." *Ahearn v. Saul*, 988 F.3d 1111, 1115 (9th Cir. 2021) (quoting *Biestek v. Berryhill*, 587 U.S. ---- , 139 S. Ct. 1148, 1154 (2019)). Substantial evidence means "more than a mere scintilla" of evidence, and "such relevant evidence [that] a reasonable mind might accept as adequate to support a conclusion." *Biestek*, 139 S. Ct. at 1154 (simplified).

Even considering Plaintiff's new medical evidence, the Court concludes that the ALJ's decision was based on substantial evidence and did not contain any harmful legal error. *See generally Fisher v. Berryhill*, 708 F. App'x 384, 385 (9th Cir. 2017) ("Taking into account the evidence considered by the Appeals Council, substantial evidence does not support the ALJ's additional reasons for rejecting [the physician's] November 2013 opinion involving the continuity of [the claimant's] treatment, but any error was harmless, because the ALJ provided other specific and legitimate reasons supported by substantial evidence for rejecting [the physician's] opinion."); *see also McMahon v. Saul*, 856 F. App'x 683, 686 (9th Cir. 2021) (explaining that "any erroneous rejection of the [evidence] . . . would be harmless as there is no evidence the impairment lasted 'at least [twelve] months'") (citation omitted).

Specifically, Plaintiff's new evidence includes her post-ALJ decision visits with Dr. Motonaga about her back, one back-related physical therapy ("PT") appointment, and Dr. Motonaga's May 2021 letter. (*See* Tr. 22-45.) Notably, Dr. Motonaga's letter includes only a

recommendation, not an imperative, that Plaintiff "not lift" more than twenty pounds "at one time," because doing so "may worsen her [back] condition." (*See id.* at 22, May 18, 2021, issuing a "[t]o whom it may concern" letter stating that Plaintiff has "lumbar disc herniations and spondylosis" and Dr. Motonaga "recommended that [Plaintiff] not lift over [twenty pounds] at one time [because doing so] may worsen her condition"). An ALJ's RFC finding, however, need not account for such recommendations. *See Darling v. Kijakazi*, No. 22-35594, 2023 WL 4103935, at *1 (9th Cir. June 21, 2023) ("To the extent that the ALJ's RFC findings did not account for [the physician's] comments [about a potential impact], he did not err because an ALJ need only incorporate specific imperatives regarding a claimant's limitations, such as diagnoses and statements of functional capacity, rather than recommendations.") (simplified).

Furthermore, it is true that Plaintiff testified that she did not believe that she could perform a job consistent with the ALJ's RFC finding because, among other things, she has a hard time being "around people" and cannot "stand for long periods of time . . . without pain" as a result of her "bad back" and "herniated discs and bulging discs in two spots" (Tr. 54, 80), but the record includes evidence inconsistent with disabling back pain during the relevant period:

- Plaintiff applied for DIB based solely on "[m]ental [h]ealth [i]ssues." (*Id.* at 88, 98, 111, 117, 213.)

- During the relevant period, Plaintiff endorsed disability based on mental health issues and without mentioning any debilitating back impairment. (*See id.* at 264, October 18, 2019, Plaintiff provided an update to the Social Security Administration on any post-March 6, 2019 changes to her "physical or mental conditions," and Plaintiff reported only that she had "ongoing conditions due to [her] bipolar disorder with psychotic features,

PTSD, panic disorder, anxiety, and gender dysphoria," as well as some
"ongoing neck problems," but did not mention back or leg issues; *id.* at
654-55, June 8, 2019, the Social Security Administration referred Plaintiff
for a psychological evaluation and Plaintiff cited mental health-related
issues, primarily "mood inconsistency," as her current barriers to
employment; *id.* at 387, October 4, 2018, Plaintiff informed her provider
that she "plan[ned] to 'go on disability for [her] mental health issues'").

- In a third-party adult function report dated January 14, 2019, Plaintiff's
  wife reported that Plaintiff's illnesses, injuries, or conditions affect her
  memory, ability to complete tasks, concentrate, and get along with others,
  but not Plaintiff's ability to lift, squat, bend, stand, reach, walk, sit, kneel,
  or climb stairs. (*Id.* at 252.) Plaintiff's wife added that Plaintiff is "fit,"
  Plaintiff can walk "[a] few miles" before needing to rest and would not
  "need to rest long," Plaintiff "tried trail running," Plaintiff was "an avid,
  competitive cyclist who rode [more than] 100 miles [per] week," and
  Plaintiff used to "play[] disc golf, r[u]n, and race[] her bike" but "no
  longer rides at all [and] is not really active, let alone socializing [with] her
  former teammates." (*Id.* at 251-52.)

- During the relevant period, Plaintiff reported a level of activity that is
  incompatible with a debilitating back impairment, or inability to stand
  long enough to perform light work. (*See id.* at 705, October 4, 2019,
  Plaintiff reported that she "[w]alks a ton- 11,000 steps av[era]g[e] every
  day"; *id.* at 692, October 30, 2019, listing "[w]alking [eight] miles [three]

times a week[]" without shortness of breath under "[b]aseline functional status"; *id.* at 1125-26, December 30, 2019, Plaintiff participated in physical therapy and complained of post-surgery pain that limited her ability to walk, and the physical therapist noted that Plaintiff's activities included "walking ([six to eight] miles [three to four times] per week pre op)," and that despite her pain, Plaintiff was still "[w]alking up to [four to five thousand] steps per day but would have to rest for the whole next day after this amount"; *id.* at 1070, March 5, 2020, noting that Plaintiff "walks frequently").

- In a pre-hearing memorandum to the ALJ dated October 8, 2020, Plaintiff's counsel cited surgery-related discomfort as the cause of Plaintiff's limited "ability to walk for extended periods," but did not mention a severe, medically determinable or debilitating back issue. (*Id.* at 287-90.)

- The ALJ found that the record lacked evidence indicating that Plaintiff's alleged "walking limitations cause significant or ongoing functional limitations lasting twelve months or more during the [relevant] period" (*id.* at 51-52), and Plaintiff does not challenge this finding on appeal or the ALJ's specific reasons for discounting Plaintiff's testimony and Plaintiff's wife's testimony. (*See id.* at 54-59, addressing this testimony and opinion evidence).

The only other notable pre-ALJ decision evidence regarding Plaintiff's back comes from a third-party statement that Plaintiff's wife submitted on September 23,

2020. In that statement, Plaintiff's wife reported that Plaintiff's back issues and pain date back to 2007. (*See id.* at 286, September 23, 2020, reporting that Plaintiff has been "complaining of back pain since the fall of 2007," she previously accompanied Plaintiff to "an appointment with a surgeon who immediately prescribed [Plaintiff] a regimen of [four or five] different medications and had [Plaintiff] tentatively slated for surgery," Plaintiff "never had the surgery" because the "medications worked to ease [Plaintiff's] pain at the time, . . . but over the years the pain had been getting worse" and Plaintiff now "suffers from severe, sharp, debilitating pain in her back that stops her in her tracks on a daily basis," and Plaintiff's pain "makes it very difficult for her to stand for a sustained period of time").

This statement and Plaintiff's hearing testimony support Plaintiff's argument that the new back impairment evidence relates to the relevant period. But even when taken together, Plaintiff's evidence fails to demonstrate that the ALJ's decision is based on harmful legal error or not supported by substantial evidence, that there is a reasonable probability that Plaintiff's new evidence would change the outcome of the ALJ's decision on remand, or that Plaintiff has satisfied her burden of proving either on the record before the Court.

For all of these reasons, the Court rejects Plaintiff's (1) primary argument that because her February 25, 2021 MRI relates to her ability to function on or before January 7, 2021, the "Commissioner erred when, acting through the Appeals Council, she ignored MRI evidence of Plaintiff's back impairment and thereby failed to analyze the consistency of Plaintiff's testimony about her back condition" (Pl.'s Opening Br. at 2; Pl.'s Reply at 2-4) (bold omitted); and (2) related arguments that the Commissioner

and/or ALJ erred by rejecting Dr. Motonaga's recommendation that Plaintiff "not lift" more than twenty pounds at one time because it may worsen her back, and failing to providing a clear and convincing reason for discounting Plaintiff's back testimony. *See Darling*, 2023 WL 4103935, at *1 ("To the extent that the ALJ's RFC findings did not account for [the physician's] comments [about a potential impact], he did not err because an ALJ need only incorporate specific imperatives regarding a claimant's limitations, such as diagnoses and statements of functional capacity, rather than recommendations.") (simplified); *Sims v. Berryhill*, 704 F. App'x 703, 704 (9th Cir. 2017) (affirming the ALJ's discounting of the claimant's testimony because the ALJ "provided at least one clear and convincing reason supported by substantial evidence" for doing so); *see also Gilliland v. Saul*, 821 F. App'x 798, 799 (9th Cir. 2020) (noting that an error is harmless if the ALJ "provided at least one valid reason to discount [the] testimony") (citation omitted).

## CONCLUSION

For the reasons stated, the Court AFFIRMS the Commissioner's decision because it is free of harmful legal error and supported by substantial evidence in the record.

**IT IS SO ORDERED.**

DATED this 25th day of September, 2023.

HON. STACIE F. BECKERMAN
United States Magistrate Judge